UNITED STATES DISTRICT COURT
OF MASSACHUSETTS

---------------------------------------------------------------X
█████████                                          :
                                                   :     Civil Case No.:
            Plaintiff,                             :
                                                   :
    v.                                             :
                                                   :     **COMPLAINT**
JAYLEN BROWN, JASON TATUM, et al,                  :
and BOSTON CELTICS,                                :     **JURY TRIAL DEMAND**
                                                   :
            Defendants.                            :
---------------------------------------------------------------X

Plaintiff ████████ ("Ms. █") hereby alleges, as and for her Complaint against Defendant Celtics Basketball Player Jaylen Brown, Jason Tatum, et al ("Defendant Players") and Boston Celtics (Banner Seventeen LLC) (together, "Defendants") as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action asserts violations of 18 U.S.C. § 1591, et seq., and therefore raises federal questions regarding the deprivation of Plaintiff's rights. District Court, S.D. New York citation. *See* Ventura *v.* Combs (S.D.N.Y. 2023).

2. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state and city law pursuant to 28 U.S.C. § 1367(a). *See Id.*

### STATUTES AND DEFINITIONS

3. **Sex Trafficking (US):** The recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purpose of a commercial sex act. (22

U.S.C. § 7102 (12)).

4. **Sex Trafficking by force, fraud or coercion**: Knowingly- (1) in or affecting interstate commerce, recruits, entices, harbors, transports, provides, or obtains by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph. (18 U.S.C. § 1591 (a)).

5. **Sex Trafficking (MA):** Whoever knowingly: (i) subjects, or attempts to subject, or recruits, entices, harbors, transports, provides or obtains by any means, or attempts to recruit, entice, harbor, transport, provide or obtain by any means, another person to engage in commercial sexual activity, a sexually-explicit performance or the production of unlawful pornography in violation of chapter 272, or causes a person to engage in commercial sexual activity, a sexually-explicit performance or the production of unlawful pornography in violation of said chapter 272; or (ii) benefits, financially or by receiving anything of value, as a result of a violation of clause (i), shall be guilty of the crime of trafficking of persons for sexual servitude. (MA G.L. c. 265, § 50 (a)).

6. **Sex Trafficking (MA):** A business entity that commits trafficking of persons for sexual servitude shall be punished by a fine of not more than $1,000,000. (MA G.L. c. 265, § 50 (c)).

7. **Sex Trafficking (MA):** A victim of subsection (a) may bring an action in tort in the superior court in any county wherein a violation of subsection (a) occurred, where the plaintiff resides or where the defendant resides or has a place of business. Any business entity that knowingly aids or is a joint venturer in trafficking of persons for sexual servitude shall be

civilly liable for an offense under this section.  (MA G.L. c. 265, § 50 (d)).

8. **Trafficking Victims Protection, Congressional Findings:** Traffickers primarily target women and girls, who are disproportionately affected by… lack of economic opportunities. Traffickers lure women and girls into their networks through false promises. (22 U.S.C. § 7101 (b) (4)). Victims are often forced… to engage in sex acts... Such force includes rape and other forms of sexual abuse, … threats, psychological abuse, and coercion. (22 U.S.C. § 7101 (b) (6)). Trafficking in persons is increasingly perpetrated by organized, sophisticated criminal enterprises. (22 U.S.C. § 7101 (b) (8)).

9. **Coercion**: (a) threats of serious harm to or physical restraint against any person; (b) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (c) the abuse or threatened abuse of the legal process. (22 U.S.C. § 7102 (3)).

10. **Commercial Sex Act:** Any sex act on account of which anything of value is given to or received by any person. (22 U.S.C. § 7102 (4)).

11. **Involuntary Servitude:** Includes a condition of servitude induced by means of (A) any scheme, plan, or pattern intended to cause a person to believe that, if the person did not enter into or continue in such condition, that person or another person would suffer serious harm or physical restraint; or (B) the abuse or threatened abuse of the legal process. (22 U.S.C. § 7102 (8)).

12. **Severe Forms of Trafficking in Persons**: Sex trafficking in which a commercial sex act is induced by force, fraud, or coercion, or in which the person induced to perform such act has not attained 18 years of age; or the recruitment, harboring, transportation, provision, or

obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery. (22 U.S.C. § 7102 (11)).

13.  **False Pretenses:** False representations concerning past or present facts that are made with the intent to defraud another (Webster Dictionary).

14.  **Manipulation:** To control or play upon by artful, unfair, or insidious means especially to one's own advantage; to change by artful or unfair means so as to serve one's purpose (Webster Dictionary).

15.  **Rape:** Whoever has sexual intercourse or <u>unnatural</u> sexual intercourse with a person and compels such person to submit by force and against his will. (MA G.L. c. 265, § 22).

16.  **Gang Rape:** Rape of a single victim by two or more violators.

17.  **Sexual Assault:** Any person subject to this chapter who—(1) commits a sexual act upon another person by (b) making a fraudulent representation that the sexual act serves a professional purpose; (c) inducing a belief by any artifice, pretense, or concealment that the person is another person; (10 U.S.C. § 920 Art. 120 (b)).

18.  **Sexual Exploitation:** Actual or attempted abuse of a position of vulnerability, power, or trust, for sexual purposes, including, but not limited to, profiting monetarily, socially or politically from the sexual exploitation of another. (World Health Organization).

19.  **Indecent Assault and Battery - Defendant does not perform touching (MA G.L. c. 265, § 13 (H)):** The case law supports a conclusion that forcing a victim to take off his or her clothing, or forcing the victim to commit an indecent touching, may constitute indecent assault and battery. (A.P. v M.T., 92 Mass. App. Ct. 156, 164 (2017)).

**BACKGROUND AND PARTIES**

20. Plaintiff Ms. ███ is a resident of the State of Massachusetts.

21. Plaintiff Ms. ███ moved to Boston in ███ and lived at ███████ from ███████, and has lived at the ███████████████ from ███████ with █████.

22. Upon information and belief, all Defendants work at TD Garden area.

23. Upon information and belief, Defendants include NBA Players currently on the Celtics Basketball team and the Celtics Basketball team franchise.

24. Plaintiff Ms. ███ and the Defendants lives cross paths somewhere around ███ after Plaintiff Ms. ███ ████████ █████████. Plaintiff Ms. ███ is not aware of it at the time. At that time, Plaintiff Ms. ███ was happily single, not interested in sexual relationships, not interested in dating, not interested in the social scene, and was focusing completely on professional and personal development.

**FACTUAL ALLEGATIONS**

25. In the Fall of 2021, while under false pretenses, Plaintiff ████████, was unknowingly recruited into a sex trafficking scheme involving the Defendants while in the elevator of the apartment she lived at, ████████, and while on her way to her apartment.

26. In the Fall of 2021, an individual hired and paid by the Defendants ("Person A") to Sex Traffic women for them by force, fraud or coercion as defined in Section (12) Statutes and Definitions of this document, befriended Plaintiff Ms. ███ under false pretenses. With the use of prolonged and deliberate manipulation, Person A gained the trust of Plaintiff Ms. ███, and began to instill a sense of dependency while exploiting her vulnerability for profit at the request of the Player Defendants.

27. After meeting Person A began to bring Plaintiff Ms. ▇ to the establishments frequented by the Celtic team players and/or their private parties used for sex trafficking multiple times a week, sometimes as many as 4 times in a week. Person A ultimately told Plaintiff Ms. ▇ that he was "working" when they go out, and for the Celtic Basketball Players, but was vague and inconsistent as to in what capacity or the nature of his employment.

28. Plaintiff Ms. ▇ began to notice that when Person A took her out, there was usually at least 1 other girl on her own that he brought along too, and the girl almost always ended up being with another guy by the end of the night. None of the women appeared to be getting anything from it all or in any way, all of the women were given large amounts of drugs, all of the women seemed upset at one point or another, none of the women appeared to be an actual relationship with anyone, all of the women were seen at least briefly with a different man from a previous time at one point or another, some of the women seemed to have an unusual amount of alone time with multiple men in 1 night, all of the women were introduced by Person A to individuals in the network with a grand introduction that installed a false sense of belonging in the victim, such as "this is my family, she is family to me".

29. On a Saturday at the end of January 2022/beginning of February 2022, at around 11pm Person A took Plaintiff Ms. ▇ to a private Celtics team party at Society on High Street in Boston were the Player Defendants were. While at the party, Plaintiff Ms. ▇ saw a girl "Girl A" brought in my Person A. Plaintiff Ms. ▇ saw a Celtics player who was standing in the corner make a head gesture to Person A indicating a question that seemed to be about Girl A. Plaintiff Ms. ▇ then saw Person A stand behind Girl A and do a quick chicken head dance before walking away, which someone had once told Plaintiff Ms. ▇ refers to oral sex. Plaintiff

Ms. ▇ saw the Celtic player nod his head in a manner suggesting an understanding, as if a sexual menu item was just communicated from across the room. Shortly after, Plaintiff Ms. ▇ was gang raped in the back by some and/or all Player Defendants. Afterwards, Plaintiff Ms. ▇ invited to sit at a table with some of Player Defendants friends. At the end of the night. Person A held Plaintiff Ms. ▇ in the street and told him he loved her as gently kissed her on the top of her head. Person A reinstalled a false sense of trust and security in himself, and attempted to convince Plaintiff Ms. ▇ that everything was okay.

30. Over the course of the next few weeks, Person A, who was employed by all and/or some of Defendants, was paid by the Player Defendants to manipulate Plaintiff Ms. ▇ into thinking everything was okay and keep her close. Person A stayed with her longer, and even talked with her on the phone for a long period of time. Plaintiff Ms. ▇ was scared that if she didn't try to think everything was okay and move forward, things would get worse given the power network the Defendants were. The manipulation worked and Plaintiff Ms. ▇ began to believe Person A cared about her.

31. Plaintiff Ms. ▇ and Person A began a sexual relationship under false pretenses. Plaintiff Ms. ▇, completely under the control of the Defendants through the use of Person A, was told by Person A that he was in love with her and the two are dating, and she believed him. Plaintiff Ms. ▇ believed she was safe with him. Plaintiff Ms. ▇ did not know that the Defendants were paying Person A to do this and the entirety of the interactions was manufactured and exploited.

32. Plaintiff Ms. ▇ banned Person A from bringing anyone to her apartment. The request was outright ignored, and Person continuously brought the Player Defendants and/or

affiliates to her home.

33. The Player Defendants paid Person A, who was employed by them, to serve as vessel for them during sex with Plaintiff Ms. ▇ without Plaintiff Ms. ▇ 's permission and ultimately against Plaintiff Ms. ▇ explicit request to not and to stop everything that was going on. At the request of the Player Defendants, Person A, who was employed by them, reenforced a false sense a of trust while manipulating Plaintiff Ms. ▇ into believing everything was okay.

34. The Player Defendants paid and employed Person A to use sexual exploitation to attempt to condition and manipulate Plaintiff Ms. ▇ into sex trafficking to the greater group. Plaintiff Ms. ▇ consistently refused and remained confused and feeling violated without understanding why or what was going on. At the request of the Player Defendants, Person A, who was employed by the Player Defendants, comforts Plaintiff Ms. ▇ and reenforced a false sense a of trust while manipulating her into believing everything was okay.

35. The Player Defendants paid Person A, who was employed by them, to indecently expose Plaintiff Ms. ▇ against her wishes. On one such occurrence, Person A tried to pull down her shirt to expose her breast while on video chat with the Player Defendants and/or their affiliates against her explicit request, causing her fear and humiliation. Plaintiff Ms. ▇ felt upset, and at the time was also confused because she noticed how angry Person A was when she refused and the look on his face when he shouted "just do it" before attempting to pull it down himself, which had suggested he was being forced to do it himself. At the employment of Player Defendants, Person A comforts Plaintiff Ms. ▇ and reenforced a false sense a of trust while manipulating her into believing it is okay.

36. The Player Defendants paid and employed Person A to start to place video chat

calls with the Player Defendants and/or affiliates when Plaintiff Ms. was naked and seconds after having sex against her explicit request until she was at least covered. At the employment of the Player Defendants, Person A comforted Plaintiff Ms. and reenforced a false sense a of trust while manipulating her into believing it is okay.

37. The Player Defendants paid and employed Person A to take photos of Plaintiff Ms. while she is naked without her consent or awareness, and share them. At the employment of the Player Defendants, Person A comforted Plaintiff Ms. and reenforced a false sense a of trust while manipulating her into believing it is okay.

38. Plaintiff Ms. began to develop a worsened sense of self. Plaintiff Ms. used her savings to get plastic surgery and tried to stop going to the places introduced to her. Plaintiff Ms. tried to cut all ties with the Defendants and/or their affiliates.

39 The Player Defendants continued to pay and employ Person A to fake a relationship with Plaintiff Ms. , and to shape, manage and manipulate Plaintiff Ms. 's perception and understanding of situation. Person A remained in and out her life in the manner for 2 years.

40. While ignoring requests to socialize, , who is employed by and/ or affiliated with the Defendants, kicked Plaintiff Ms. out of her home at in a highly unusual manner with less than 1 week to find a new place to live. The reasoning consisted entirely of manufactured and dishonest accounts and applications of rules, laws and/or agreed to provisions. Plaintiff Ms. was able to move into the .

41. Person A attempted to tell Plaintiff Ms. that work he does for the Celtic's players is "club promoting", however, Plaintiff Ms. remembered how gatherings had been

at times of day when the establishment was not officially open and/or the establishment was not officially affiliated with the event. Plaintiff Ms. ███ remembered how some events were not open to the public, and at times outright hidden. There was no promoting of the establishment or gatherings whatsoever.

42. Person A implied having a possible Boston Police Affiliation to Plaintiff Ms. ███, suggesting he may potentially be serving as a security liaison for the Defendants in some sort of capacity or manner. However Plaintiff Ms. ███ remembered Person A had introduced Plaintiff Ms. ███ to the actual under cover police security officers in the parties and the security guards/bouncers at the door, and realized none of them party the way Person A does, none of them have the anything similar to unusual circumstance with women and Celtic players as he does, and she couldn't recall ever seeing one person talk to Person A about a security issue ever. Plaintiff Ms. ███ started to try to figure out what exactly the Defendant's were paying Person A for.

43. Plaintiff Ms. ███ recalled two other individuals identifying themselves as "club promoters for the Celtics" as well. They both had the unusual situation with girls as Person A.

44. One of the two "club promoters" ("Person B"), explained the situation as "I set up girls [and Celtic Players], and girls can say their ideas for businesses", and while getting a weird feeling, Plaintiff Ms. ███ said something along the lines of, "is there even a chance their ideas will be listened or is this a sex thing that they don't understand", and Person B looked down and shrugged. The description was not that of match making; it wasn't seeing if two people have connection or a mutual bond; it wasn't to fund start up businesses; and it's wasn't an outward or direct transactional sexual exchange particularly since the women didn't appear to be

getting anything. The description was that of a sex trafficking scheme, were unknowing women were lured into their network through false promises and false pretenses (22 U.S.C. § 7101 (b)(4)), and with the use of manipulation, drugs and alcohol, false sense of enrichment, etc were sold to the Player Defendants and/or affiliates.

45. Plaintiff Ms.███ was overcome with anguish and humiliation when she was realized she was one of the girls the Defendants were sex trafficking and violating, that aiding in the sex trafficking scheme was what Person A was being paid for.

46. Plaintiff Ms.███ did receiving any help whatsoever or enrichment by the Defendants or the affiliates, or even Person A, in a way that even matched the intentional damage being caused. All they did was take from her, publicly embarrass her, violate her, help themselves to private life and access to her body without her consent or permission, and intentionally inflict harm to her. Person A never even took her out to dinner. The Player Defendants were using their Celtics team benefits to hide themselves from her, hide their behavior, and carry out damaging actions against Plaintiff Ms.███ in plain sight for their own personal benefit and amusement for over 2 years, and without reasonable cause or provocation to do so. They exerted unnecessary force on a vulnerable and confused woman and then publicly sexually humiliated and violated her, and those deliberate actions were the cause of severe and real damage to Plaintiff Ms.███, her life and to ███████.

47. During the NBA playoffs in 2024, an affiliate and friend of the Defendants contacted Plaintiff Ms.███, and in the conversation finally admitted to the intervention still being carried by the defendants onto her life in ways likely far exceeding just the use of Person A at that point. Then, in an effort to manipulate her, he said, "it's suppose to be good invention,

come outside and say hi before the Celtics play." Plaintiff Ms. ▇ declined and asked again to be left alone.

## COUNT I
### VIOLATION OF 18 U.S.C. § 1591, et seq
**Sex Trafficking by force, fraud or coercion.**
*Against All Defendants*

48. Plaintiff Ms. ▇ repeats and realleges the foregoing allegation in all of the preceding paragraphs as if fully set forth herein.

49. Plaintiff Ms. ▇ is a victim of sex trafficking within the meaning of 18 U.S.C. § 1591(a) and (b) and is therefore entitled to bring a civil action under 18 U.S.C. § 1595. *See* Ventura *v.* Combs (S.D.N.Y. 2023).

50. The Defendants' acts and omissions, taken separately and/or together, as outlined above, constitute a violation of 18 U.S.C. § 1595. *See* Ventura *v.* Combs (S.D.N.Y. 2023).

## COUNT II
### VIOLATION OF MA G.L. c. 265, § 50
**The Trafficking of persons for sexual servitude; trafficking by business entities; penalties; tort actions brought by victims Law.**
*Against All Defendants*

51. Plaintiff Ms. ▇ repeats and realleges the foregoing allegation in all of the preceding paragraphs as if fully set forth herein.

52. Victim's testimony, standing alone, is evidence. "[T]wo bedrock principles of our law are that alleged victims of sex crimes are to be treated equally with other alleged victims of crime with respect to credibility, and that those against whom such crimes may or have been perpetrated are fully worthy of legal protection. As would be true were this any other type of criminal case, therefore, the victim's testimony alone, believed as it was by the jury, suffices to

support the defendant's convictions." *See* Comm. v. Gonzalez Santos, 100 Mass. App. Ct. 1 (2021).

53.     Skin-to-skin contact is not required to prove penetration in rape by unnatural sexual intercourse. *See* Comm v. Pena, 96 Mass. App. Ct. 655 (2019).

### COUNT III
### INDECENT ASSAULT AND BATTERY
*Against All Defendants*

54.     Plaintiff Ms. ▇ repeats and realleges the foregoing allegation in all of the preceding paragraphs as if fully set forth herein.

55.     Victim's testimony, standing alone, is evidence. *See* Comm. v. Gonzalez Santos, 100 Mass. App. Ct. 1 (2021).

### COUNT IV
### NEGLIGENCE
*Boston Celtics, ltd.*

56.     Plaintiff Ms. ▇ repeats and realleges the foregoing allegation in all of the preceding paragraphs as if fully set forth herein.

57.     The Defendant is obliged to exercise reasonable care to ensure the players are behaving in a legal and moral manner on and off the court, and the Defendants breached that duty when letting the players be on the team, stay on the team and continue to play, even after notified about their behavior, and that breach allowed the players access to benefits and privileges of being on the team that they misused to cause the Plaintiff Ms. ▇ harm, and that harm was foreseeable before and after the franchise was directly notified because the behavior was common knowledge in the community, and Plaintiff Ms. ▇ actually suffered real harm which compensation is available.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DURESS
*Against All Defendants*

58. Plaintiff Ms. ▇ repeats and realleges the foregoing allegation in all of the preceding paragraphs as if fully set forth herein.

## COUNT VI
## UNJUST ENRICHMENT
*Against All Defendants*

59. Plaintiff Ms. ▇ repeats and realleges the foregoing allegation in all of the preceding paragraphs as if fully set forth herein.

60. The Boston Celtics have financially and otherwise benefited as a result of these acts and omissions. They benefited from facilitating the behavior to the extent it kept the Boston Celtics in the NBA Finals despite the risk doing so had on Plaintiff Ms. ▇, and the public good, specifically the women of Boston.

## COUNT VII
## TORTIOUS INTERFERENCE
*Against All Defendants*

61. Plaintiff Ms. ▇ repeats and realleges the foregoing allegation in all of the preceding paragraphs as if fully set forth herein.

## COUNT VIII
## CONSPIRACY
*Against All Defendants*

62. Plaintiff Ms. ▇ repeats and realleges the foregoing allegation in all of the preceding paragraphs as if fully set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment be entered in her favor against Defendants, and

each of them, as follows:

    a.    For a money judgment representing the totality of damages incurred including all compensatory damages including but not limited to consequential damages, lost wages and earning ($733,000); all pain and suffering damages including but not limited to emotional distress, mental anguish and humiliation; and all punitive and exemplary damages;

    b.    For a money judgment representing the totality of all fees and costs incurred including but not limited to attorneys' fees (if ever applicable), court fees;

    c.    For such other and further relief as the Court may deem just and proper;

    d.    Fair and true restitution and forfeiture as the Court may deem just and proper;

    e.    Cease and deceit all human and sex trafficking;

    f.    Cease and desist all negative interference in the life of, and/or, harm to, Plaintiff Ms. - - - , and/or her ▮▮▮▮▮ ;

Dated: June 17, 2024
       Boston, MA

                              Respectfully submitted,

                              By: _____